UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LARRY ALLEN CLUCHEY,

                  Debtor.

_____/

Case No. 21-00524-jwb
Chapter 7
Honorable James W. Boyd

## DEBTOR'S OBJECTION TO JOINT CLAIM FILED BY WORLD ENERGY INNOVATIONS, LLC F/D/B/A WORTHINGTON ENERGY INNOVATIONS, LLC

NOW COMES the Debtor, Larry Allen Cluchey ("Mr. Cluchey"), by and through his attorneys, Wardrop & Wardrop, P.C., and as his Objection to the Joint Claim filed by World Energy Innovations, LLC f/d/b/a Worthington Energy Innovations, LLC (hereinafter "WEI") states as follows:

1. Mr. Cluchey filed a Chapter 7 Petition on or about March 2, 2021.

2. Marcia M. Meoli is the duly appointed and acting Chapter 7 Trustee.

3. Mr. Cluchey elected to claim the Michigan exemptions as authorized by 11 USC §522(b) of the U.S. Bankruptcy Code.

4. Mr. Cluchey claimed the entireties exemption in his residence located at 7095 Mindew Drive, SW, Byron Center, MI ("Residence" or "Marital Home") which is owned jointly with Sherry D. Cluchey ("Mrs. Cluchey"), his non-filing spouse. MCL §600.5451(1)(n).

5. On April 27, 2021, Trustee Meoli filed a Joint Claims Notice (Doc #23) requiring any creditor holding a joint claim against Mr. Cluchey and Mrs. Cluchey to timely file a claim and if a Joint Claim was filed, any party who objected to such claim to timely file an

Objection.

6.  On May 14, 2021, World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC ("WEI") filed a Joint Claim in the amount of $73,617.43.

7.  Debtor objects to WEI's claim (Claim #1) on the basis that the claim is not a joint claim.

8.  In 2019, Mr. and Mrs. Cluchey borrowed funds from Comerica Bank secured by a mortgage on their jointly owned Residence.  Mrs. Cluchey allowed Mr. Cluchey to use the borrowed funds as he wished.

9.  Mr. Cluchey loaned the borrowed funds to American Research Products, Inc., a Michigan corporation (hereinafter "ARP").  Mr. Cluchey is a 50% owner of ARP.

10.  In 2020, ARP elected to repay Mr. Cluchey the money he had loaned to ARP. Contemporaneously therewith, Mr. Cluchey used the money that was repaid by ARP to pay back the funds borrowed from Comercia Bank on the loan secured by the mortgage on the Marital Home.

11.  WEI, a creditor of ARP, claims that Mrs. Cluchey is a joint creditor with Mr. Cluchey to the extent that the monies repaid to Mr. Cluchey by ARP were used to pay down the mortgage on their Marital Home.

12.  The facts of the matter are that Mrs. Cluchey played absolutely no role in the transactions except to allow her interest in the Marital Home to be used as collateral for the initial loan to Mr. and Mrs. Cluchey.  After that Comerica Bank loan was made, she played no role at all.  Mrs. Cluchey has no contractual relationship with WEI.  Mrs. Cluchey has no contractual relationship with ARP.

13.  Debtor avers that WEI is not a creditor of Mrs. Cluchey in any way, and, accordingly, WEI

2

does not have a joint claim against Mr. Cluchey and Mrs. Cluchey.

WHEREFORE, Debtor, Larry Allen Cluchey, prays that the Court DISALLOW WEI's Joint Claim #1 in its entirely, determining that the claim filed by WEI against Mrs. Cluchey is not valid and specifically that the claim filed by WEI is not a joint claim, in addition to such other and further relief as is just.

Respectfully submitted,

WARDROP & WARDROP, P.C.,
Counsel for Debtor Larry Allen Cluchey

Dated: July 9, 2021            By: _____
Robert F. Wardrop II (P31639)
Thomas M. Wardrop (P38268)
Denise D. Twinney (P40735)
Business Address:
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI  49503
(616) 459-1225
robb@wardroplaw.com
bkfilings@wardroplaw.com

209302070921.Objection to Joint Claim