UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

               Debtor.

Case No. 21-00524-jwb
Chapter 7
Honorable James W. Boyd

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

               Plaintiff

    v.

Adversary Proceeding No. 21-80053

LARRY ALLEN CLUCHEY,
SHERRY D. CLUCHEY,

               Defendants.

_____/

**DEBTOR'S MOTION TO APPROVE (I) SETTLEMENT OF (A)
CERTAIN CAUSES OF ACTION AND CLAIMS BY WORLD ENERGY
INNOVATIONS, LLC f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC, AGAINST DEBTOR AND DEBTOR'S WIFE
AND (B) TRUSTEE'S AND WORLD ENERGY INNOVATION, LLC,
f/d/b/a WORTHINGTON ENERGY INNOVATION, LLC'S TRICKETT
CLAIM AGAINST DEBTOR AND DEBTOR'S WIFE, SHERRY D.
CLUCHEY, AND (II) FOR OTHER RELIEF PURSUANT TO
<u>BANKRUPTCY RULE 9019(a)</u>**

Debtor, Larry Allen Cluchey (the "Debtor"), by and through his undersigned

counsel, brings this Motion to Approve (I) Settlement of (A) Certain Causes of Action and

Claims by World Energy Innovations, LLC f/d/b/a Worthington Energy Innovations, LLC,

against Debtor and Debtor's Wife and (B) Trustee's and World Energy Innovation, LLC,

f/d/b/a Worthington Energy Innovation, LLC's Trickett Claim against Debtor and Debtor's

Wife, Sherry D. Cluchey, and (II) for Other Relief Pursuant to Bankruptcy Rule 9019(a)

(the "Motion") Pursuant to Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy

Procedure and respectfully states as follows:

### Introduction

1.      By the Motion, the Debtor seeks entry of an order in the form attached

hereto as **Exhibit B** approving a settlement entered into by and among World Energy

Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC (hereinafter "WEI" ( both

as Plaintiff in the pending Adversary Proceeding and as a claimed creditor in the

bankruptcy proper), Sherry Cluchey, wife of the Debtor, and Marcia Meoli, in her status as

Trustee in the bankruptcy proceeding as set forth in the Settlement Agreement attached

hereto as **Exhibit A** (the "Settlement Agreement").  For the reasons set forth below, the

Debtor believes that the settlement set forth in the Settlement Agreement is in the best

interest of the Debtor's estate, WEI, and the Trustee, and thus, it should be approved by

the Court.

### Jurisdiction

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a).

This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

**A.     The Debtor's Bankruptcy Case**

4.      On March 2, 2021 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 7 (the "Bankruptcy Case").

2

5.      On March 2, 2021, the Office of the United States Trustee of the Western District of Michigan (the "UST") appointed Marcia Meoli as Chapter 7 Trustee in this Bankruptcy Case.

## B.    The Trickett Claim and Claim Objection

6.      WEI filed two claims in the Bankruptcy Case (Claim Nos. 1 and 4) (the "WEI Claims") in the amount in excess of $1,900,000.00.  One of the WEI Claims is what is commonly referred to as a Trickett Claim asserting that WEI has a joint claim against the Debtor and Debtor's wife, Sherry Cluchey (the "Trickett Claim").

7.      Only two other claims have been filed, totaling less than $350.00.

8.      On July 9, 2021, Sherry Cluchey, through counsel, filed an objection to the WEI Claim No. 1.

## C.    The Adversary Proceeding

9.      On May 14, 2021, WEI filed an Adversary Proceeding seeking several counts of relief against Debtor and Debtor's wife, Sherry D. Cluchey.  Among other matters, the Adversary Proceeding seeks relief under § 727 of the Bankruptcy Code and § 707 of the Bankruptcy Code and other forms of relief.

10.     Debtor and Debtor's wife, Sherry Cluchey, both filed Answers to the Complaint, denying liability in the Adversary Proceeding.

11.     Prior to the Court conducting formal pretrial conferences in the adversary proceeding, the parties conducted a voluntary Mediation.  The Mediation, and subsequent negotiations, resulted in a settlement between all the parties, all the parties to the Adversary Proceeding and the Trustee with respect to the Trickett Claim, and settlement

3

of all claims by the Trustee with respect to a condominium titled jointly between the Debtor and his sister, Connie Hoffman. The terms of the settlement are set forth in the attached Settlement Agreement.

12.    It is the belief of the Debtor, and Debtor understands that it is the belief of WEI, Connie Hoffman, Sherry Cluchey and the Trustee, that the settlement set forth in the Settlement Agreement resolves all issues pending in the Bankruptcy and that, upon Debtor's successful payment of the sums set forth in the Settlement Agreement, that all claims by and among the parties to the Settlement Agreement will be resolved, with the Debtor having only certain reporting and payment conditions as set forth in the Settlement Agreement remaining. The Trustee's claim, with respect to the Trickett Claim, and the Trustee's claim against the condominium jointly owned by the Debtor and Connie Hoffman will also be resolved pursuant to the terms of the Settlement Agreement.

**Relief Requested**

13.    Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a).

14.    Settlements are generally favored by law, *See, e.g., In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* 451 B.R. 747, 768 (Bankr. W.D. Mich. 2011) (quoting *Buckeye Check Cashing, Inc. d/b/a CheckSmart v. Meadows (In re Meadows),* 396 B.R. 485, 499 (BAP 6th Cir. 2008)).

15.    "The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate." *In re Lee Way Holding Co.,*

4

120 B.R. 881, 890 (Bankr. S.D. Ohio 1990) (citing *In re Energy Co-op.*, 886 F.2d 921, 927 (7th Cir. 1989)).

16.    The United States Supreme Court has stated that a bankruptcy judge, in evaluating compromises under Bankruptcy Rule 9019(a), must:

Apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.  Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 423 (1968); *see also In re Stinson*, 221 B.R. 726 (Bankr. E.D. Mich. 1998).

17.    In reviewing a proposed settlement, courts consider the following criteria:

a.    The probability of success in the litigation;

b.    The difficulties, if any, to be encountered in the matter of collection;

c.    The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d.    The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Lee Way Holding Co.,* 120 B.R. at 890 (citing *Drexel v. Loomis,*  35 F.2d 800 (8th Cir. 1929)).

5

18.    A bankruptcy court's role in approving a settlement under Bankruptcy Rule

9019(a) is limited.  The bankruptcy court "does not substitute its own judgment for that of

the trustee" but, rather, examines the law and the facts to see whether the settlement is

lower than the reasonable range, giving weight to the informed judgment of the trustee

and its counsel that a compromise is fair and in the best interests of the estate. *See e.g.,*

*In re Tennol Energy Co.,* 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

19.    In addition, a bankruptcy court should consider that compromises are

favored in bankruptcy:

> The law favors compromise and not litigation for its own sake, and as long as the
> bankruptcy court amply considered the various factors that determine the
> reasonableness of the compromise, the court's decision must be affirmed.

*Martin v. Kane (In re A & C Properties),* 784 F.2d, 1377, 1381 (9th Cir. 1986); *accord*

*Magill v. Springfield Marine Bank (In re Hessinger Resources Ltd.),* 67 B.R. 378, 383

(C.D. Ill. 1986) ("In addition [to the four enumerated factors], the bankruptcy court is to

consider that the law favors compromise.").

20.    A bankruptcy court may also apply weight to a trustee's business judgment

that the proposed settlement should be approved. *See Depoister*, 36 F.3d at 587; *In re*

*Hessinger Resources Ltd.,* 67 B.R. at 383.

21.    Finally, a bankruptcy court is not required to conduct an evidentiary hearing

or a "mini-trial" on the parties' claims and defenses when approving a settlement. *See*

*Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994) (evidentiary

hearing not required).  Instead, the court is required only "to canvas the issues in order to

determine whether the settlement falls below the lowest point in the range of

6

reasonableness." *In re Rimsat, Ltd.,* 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997); *accord In re Energy Co-op., Inc.,* 886 F.2d at 929; *In re Tennol Energy Co.* 127 B.R. at 828.

22.    WEI's claims asserted in the adversary proceeding and in WEI's proofs of claim, will be resolved by:

      a.   The Adversary Proceeding against the Debtor and Sherry Cluchey will be resolved by payment of the sum of explicitly set forth in the Settlement Agreement to be paid to WEI and a consent judgment will enter against the Debtor.

      b.   WEI's claims filed in the Bankruptcy Case will be deemed allowed as claims against the Debtor.  No further relief will be sought against Sherry Cluchey.

      c.   The Trustee will be paid the sum set forth in the Settlement Agreement in full satisfaction of the Trustee's Trickett Claim and the Trustee will waive any and all other claims against the Debtor and Debtor's wife and against the condominium currently titled to the Debtor jointly with his sister, Connie Hoffman.

23.    Provided that the payments set forth in the Settlement Agreement are timely made, the Adversary Proceeding will be dismissed, with a judgment entered against the Debtor as provided in the Settlement Agreement, with the Debtor having certain reporting and payment requirements provided that his income level exceeds levels set forth in the Settlement Agreement.

24.    WEI will retain its claims in the bankruptcy and will share in the proceeds of the other amounts paid to the Trustee as a creditor in the Estate.

25.     Provided, however, if the payments set forth in the Settlement Agreement are not made to WEI and the Trustee in a timely fashion, the Settlement Agreement itself will become void, the Adversary Proceeding will proceed, and the Trustee will file the deed that is held in escrow that reconveys title of the condominium to Connie Hoffman and the Debtor to return title to its current state.

26.     Upon approval of the Settlement Agreement, and payment by Debtor, the Adversary Proceeding will be closed, with the consent judgment set forth in the Settlement Agreement entered against the Debtor and the Trustee will be in a position to close the case and file a Final Report.

27.     For the foregoing reasons, the Debtor requests that this Court enter an order in the form attached hereto as **Exhibit B** granting the Settlement Motion and approving the settlement as set forth in the Settlement Agreement.

**Notice**

28.     All the parties having requested notice in the Bankruptcy Case under Bankruptcy Rule 2002 shall receive notice of the Motion via ECF.  In addition, the Debtor shall serve all creditors having filed a Proof of Claim via overnight courier pursuant to Bankruptcy Rule 2002(a).  The Debtor will also serve the Motion and the notice on the Office of the United States Trustee via electronic mail.  The Debtor submits that no additional notice is necessary in this matter.

WHEREFORE, the Debtor respectfully requests that this Court enter an order in the form attached hereto as **Exhibit B**:  (i) granting the Settlement Motion thereby

approving the settlement set forth in the Settlement Agreement, and (ii) granting any

other relief that it deems just and equitable.

Respectfully submitted,

WARDROP & WARDROP, P.C.,
Counsel for Defendant Larry Allen Cluchey

Dated:  March 8, 2022                    By:____/s/ Robert F. Wardrop II_____
                                                          Robert F. Wardrop II (P31639)
                                              Business Address:
                                                    300 Ottawa Avenue, NW, Suite 150
                                                    Grand Rapids, MI  49503
                                                    (616) 459-1225

209301.030322.Motion

## **Exhibit A**

**Settlement Agreement**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

                Debtor.

Case No. 21-00524-jwb

Chapter 7

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

                Plaintiff,

v.

LARRY ALLEN CLUCHEY and
SHERRY D. CLUCHEY,

                Defendants.

Adversary Proceeding No. 21-80053-jwb

_____/

**STIPULATION AND SETTLEMENT AGREEMENT**

      **NOW COME** Larry Allen Cluchey ("Debtor"), Sherry D. Cluchey ("Mrs. Cluchey"),[1] World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC ("Plaintiff"), Connie Marie Hoffman ("Ms. Hoffmann"), and Marcia M. Meoli, Trustee of the Chapter 7 Estate of Larry Allen Cluchey ("Trustee" and with Debtor, Mrs. Cluchey, Ms. Hoffmann, and Plaintiff, the "Parties"), and for their Stipulation and Settlement Agreement ("Stipulation"), say and agree as follows.

**RECITALS**

      A.     This Stipulation pertains to the above-captioned Chapter 7 proceeding (the "Base Case"), which was filed on March 2, 2021. It also pertains to that certain adversary proceeding brought by Plaintiff against the Clucheys, styled *World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC v. Larry Allen Cluchey and Sherry D. Cluchey*, Adversary Proceeding No. 21-80053 ("Adversary Proceeding").

      B.     In the Adversary Proceeding, Plaintiff asserts that (i) Debtor is liable to Plaintiff in the amount of at least $1,938,150.27; (ii) the Clucheys received transfers that are avoidable under both state and federal law; (iii) Debtor's liability to Plaintiff is nondischargeable under various sections of 11 U.S.C. § 523(a); and (iv) grounds exist to deny Debtor's discharge under

---

[1] Debtor and Mrs. Cluchey are collectively referred to as the Clucheys.

4877-9627-8281.9

11 U.S.C. § 727. The Clucheys deny Plaintiff's allegations and have filed answers in the Adversary Proceeding.

C.    In the Base Case, Plaintiff has filed a joint claim against both Debtor and Mrs. Cluchey in the amount of at least $73,617.43 (Claim No. 1, the "Joint Claim") and a claim against Debtor for the liability asserted in the Adversary Proceeding (Claim No. 4, the "Proof of Claim"). The Clucheys have objected to the Joint Claim (Docket Nos. 35 and 37, the "Claim Objections"). On September 20, 2021, the Court entered an order consolidating the claim objections with the Adversary Proceeding for purposes of trial (Docket No. 29).

D.    It is understood that, at the time of execution, Clucheys have not yet secured the necessary funding to effectuate the Settlement Payments, as defined in Paragraph 1 of this Stipulation. To fund the Settlement Payments, Debtor's sister Ms. Hoffmann intends to obtain a loan secured by 7031 Mindew Drive SW, Byron Center, MI 49315, a property which is jointly titled to Debtor and Ms. Hoffmann and in which the Trustee asserts an interest. To the extent the Clucheys are unable to timely fund said Settlement Payments, the parties acknowledge that the Stipulation shall be deemed void pursuant to its terms.

E.    The parties wish to resolve their various pending matters, including the Adversary Proceeding, the Joint Claim, the Claim Objections, and all other matters between them.

Accordingly, the Parties hereby agree as follows:

1.    <u>Settlement Payment</u>. The Clucheys hereby agree to make the following payments (the "Settlement Payments"):

a. The Clucheys shall pay the Trustee $73,000.00 pursuant to the payment instructions attached as Exhibit A-1 hereto;

b. The Clucheys shall pay Plaintiff $36,500.00 pursuant to the payment instructions attached as Exhibit A-2 hereto.

The Settlement Payments must be received by the Trustee and the Plaintiff no later than 90 days from the execution of this Stipulation by all Parties or this Stipulation shall be void as set forth in Paragraph 3. For the avoidance of doubt, a failure to timely pay the Settlement Payments shall not void the obligations of Paragraph 4.

2.    <u>Bankruptcy Court Approval Required</u>. Immediately upon the execution of this Stipulation by all Parties, Debtor shall file a motion to approve the settlement contained herein pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. If such motion is not granted, this Stipulation shall be void.

3.    <u>Settlement Effective Date and Stay of Proceedings</u>. This Stipulation shall become effective on the first date when (a) it has been duly executed by all Parties; and (b) Trustee and Plaintiff have received the full amount of the Settlement Payments (the "Settlement Effective Date"). The parties agree to seek a stay of all matters currently pending in the Adversary Proceeding, including the Joint Claim, Proof of Claim, and Claim Objections, pending the deadline to make the Settlement Payments set forth in Section 1.

4877-9627-8281.9

4.    Trustee's Withdrawal of Notice of Interest. It is acknowledged by the Parties that the Trustee has identified 7031 Mindew Drive SW, Byron Center, MI 49315 (the "Mindew Property") as the subject of a potentially avoidable transfer by the Debtor. However, the Clucheys assert that they will be unable to obtain funds necessary to comply with the terms of this Settlement Agreement unless they obtain a loan secured by the Mindew Drive property. They further assert that their lender will not process the loan unless the Trustee's Notice of Interest against the Mindew property is withdrawn prior to the processing of their loan application. As a result of and in reliance upon these representations the Trustee agrees that upon entry of an order approving this Stipulation which specifically authorizes the Trustee to withdraw the Notice of Interest, (i) the Trustee shall withdraw the Notice of Interest filed against the Mindew Property, and (ii) Debtor shall be authorized to transfer his interest in the Mindew Property to Connie Marie Hoffmann. Upon execution of this Stipulation, Connie Marie Hoffmann shall execute and deliver to the Trustee a deed substantially in the form attached as Exhibit C hereto reconveying the Debtor's interest in the Mindew Property to the Debtor (the "Reconveyance Deed"), which the Trustee shall hold in escrow pending payment of the Settlement Payments. The Parties further agree that, if the Settlement Payment due the Trustee is not received within 90 days of the date this Stipulation is executed, then the Trustee shall immediately be entitled to record the Reconveyance Deed and re-record a notice of interest against the Mindew Drive property. Further, if Ms. Hoffmann incurs debt secured by the Mindew Property and the Settlement Payments hereunder are not timely made, Ms. Hoffmann agrees to the entry of a consent judgment in the form attached as Exhibit D hereto.

5.    Judgment. Debtor agrees to the entry of a nondischargeable judgment pursuant to 11 U.S.C. § 523(a)(2) in favor of Plaintiff and against Debtor in the amount of $2,109,000.00 (the "Judgment").

6.    Allowance of Claims. The Clucheys and the Trustee stipulate to the allowance of and agree not to object to Plaintiff's Proof of Claim or Joint Claim.

7.    Entry of Judgment and Dismissal. On the occurrence of the Settlement Effective Date or as soon as is practicable thereafter, Plaintiff shall submit to the Court a consent judgment in the form attached as Exhibit B hereto and shall file a motion to dismiss the remaining causes of action in Adversary Proceeding. Debtor understands that dismissal of any cause of action under 11 U.S.C. § 727 is contingent upon notice to all creditors and a hearing. The Parties agree that their entry into this Stipulation is not contingent upon dismissal of any claims under 11 U.S.C. § 727, and this Stipulation shall remain in effect even if a party other than Plaintiff seeks leave to prosecute such claims.

8.    Payment of Future Income. After the Settlement Effective Date, Debtor agrees to pay Plaintiff (i) 25% of all wages, commissions or salary and (ii) 100% of any other income (such as gifts, inheritance or bequests) to the extent and when Debtor's gross income exceeds $55,000.00 in a calendar year. For purposes of this paragraph, Debtor's "income" and "gross income" shall not include Mrs. Cluchey's income but shall be deemed to include social security income.

9.    Notification Requirements. Debtor shall notify Plaintiff on the Settlement Effective Date of his current employment status and income and will notify Plaintiff in writing of

4877-9627-8281.9

any substantial changes to his employment status or income within 90 days of any such change. Debtor shall notify Plaintiff in writing if (i) his gross income exceeds $55,000.00 in a calendar year or (ii) he receives any gifts, inheritances, or bequests that total in the aggregate $2,500.00 in a calendar year within 30 days of receiving such gross income, gifts, inheritances, or bequests. The $55,000.00 income threshold in this paragraph shall be adjusted for inflation every three years based on the Consumer Price Index. Within 15 days of filing every year, Debtor shall provide Plaintiff with a copy of his filed tax return for the prior year, or if Debtor is not required to file tax return in such year, Debtor shall provide Plaintiff with a written certification as to the amount of gross income and/or gifts received during such year no later than June 30.

10.    _Stay of Execution of Judgment_.  So long the Clucheys are not in default of their obligations under this Stipulation, Plaintiff will not enforce the Judgment against any of the following:

a.   The Clucheys' principal residence located at 7095 Mindew Drive SW (Unit 21), Byron Center, Michigan 49315 (the "Principal Residence");

b.   Provided the Base Case is not dismissed, any asset declared as exempt in the Base Case as of the date of execution of this Stipulation;

c.   Any income received by Debtor in a single calendar year, provided that Debtor's calendar year gross income is less than $55,000; and

d.   Any gifts, inheritances, or bequests received by Debtor in a calendar year, provided that, in the aggregate, they do not exceed $2,500 in a calendar year.

11.    _Default_.  If the Clucheys default on any obligations under this Stipulation and do not cure said default within 15 days' written notice of such default, Plaintiff may enforce the Judgment against Debtor as permitted by applicable law; provided, however, that (1) the Principal Residence and all proceeds thereof shall not, under any circumstances, or at any time, be subject to lien, attachment, or collection, and (2) provided the Base Case is not dismissed, Plaintiff shall not hold liable any asset declared as exempt in the Base Case as of the date of execution of this Stipulation.

12.    _Deposit_.  On the Settlement Effective Date, the Clucheys shall deposit $10,000.00 into escrow at the firm of Wardrop & Wardrop, P.C. to provide security against breach of the Stipulation. Wardrop & Wardrop, P.C. will hold the escrow for one year from the Settlement Effective Date, and thereafter shall return any unused funds to the Clucheys unless Plaintiff has provided Wardrop & Wardrop, P.C. a written demand for payment same.

13.    _No Admission_.  Each of the Parties acknowledge this Stipulation is a compromise of disputed claims and that the Settlement Payments made hereunder are not intended to be construed as an admission of any liability by either Party.

14.    _Release_.  The Parties acknowledge this Stipulation is intended to fully resolve the Clucheys' liability, if any, for any and all claims that have been or may be asserted by the Plaintiff or the Trustee in the Adversary Proceeding or the Base Case, except for any claims

4877-9627-8281.9

under 11 U.S.C. § 727, which shall only be dismissed after notice and hearing. On the Settlement Effective Date, Plaintiff, the Trustee, and the Clucheys do forever release, acquit, and discharge each other and all of their officers, directors, employees, representatives, agents and professionals, and all of their respective successors and assigns, from any and all liability arising from the claims that they have asserted or may assert against one another, including but not limited to any claims under 11 U.S.C. §§ 522, 523, 541, 544, 547, 548, 550, but not any claims arising under 11 U.S.C. § 727, with the exception of (a) Debtor's liability under the Judgment, subject to the limitations on execution of said Judgment as set forth herein, and (b) Debtor's obligations under this Stipulation and claims for breach thereof.

15.     Entire Agreement. This Stipulation constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by all Parties.

16.     Voluntary Act. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Stipulation. The Parties acknowledge that they have read this Stipulation in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Stipulation and it is signing this Stipulation of its own free will.

17.     Execution in Counterparts. It is understood and agreed that this Stipulation may be executed in identical counterparts, including electronically, and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

*[SIGNATURE PAGE FOLLOWS]*

4877-9627-8281.9

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed as of dates set forth below.

**DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated: March ___, 2022                   By: _____
                                              Larry Cluchey

**DEFENDANT SHERRY D. CLUCHEY**

Dated: March 4, 2022                     By: _____
                                              Sherry D. Cluchey

**PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: March ___, 2022                   By: _____
                                              Russ Kiser, General Manager

**CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: March ___, 2022                   By: _____
                                              Marcia M. Meoli, Trustee

**CONNIE MARIE HOFFMANN**

Dated: March 4, 2022                     By: _____
                                              Connie Marie Hoffmann

4877-9627-8281.9

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed as of dates set forth below.

**DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated: March _____, 2022

By: _____
    Larry Cluchey

**DEFENDANT SHERRY D. CLUCHEY**

Dated: March _____, 2022

By: _____
    Sherry D. Cluchey

**PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: March _4_, 2022

By: _____
    Russ Kiser, General Manager

**CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: March _____, 2022

By: _____
    Marcia M. Meoli, Trustee

**CONNIE MARIE HOFFMANN**

Dated: March _____, 2022

By: _____
    Connie Marie Hoffmann

4877-9627-8281.9

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed as of dates set forth below.

**DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated:  March _____, 2022                By: _____

Larry Cluchey

**DEFENDANT SHERRY D. CLUCHEY**

Dated:  March _____, 2022                By: _____

Sherry D. Cluchey

**PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: March _____, 2022                By: _____

Russ Kiser, General Manager

**CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: March _2_, 2022                By: _____

Marcia M. Meoli, Trustee

**CONNIE MARIE HOFFMANN**

Dated:  March _____, 2022                By: _____

Connie Marie Hoffmann

4877-9627-8281.9

EXHIBIT A-1

Trustee's Wire Transfer Instructions

Bank Name: Pinnacle Bank

Bank Address: 150 3rd Ave S Ste 900 Nashville, TN  37201

Routing Number:

Account Number:  Contact Trustee's counsel for account number – pigginsj@millerjohnson.com

Beneficiary Name: Estate of CLUCHEY, LARRY ALLEN, Marcia Meoli Bankruptcy Trustee

Exhibit A-2 - Plaintiff's ACH Payment Instructions



**WORLD**
**ENERGY**
**INNOVATIONS**

*504 Liberty Street*
*Fremont, Ohio 43420*
*419-333-2112 (phone)*

## ACH INSTRUCTIONS for
## WORLD ENERGY INNOVATIONS LLC. Checking Account

Attn: Debra Clark
Croghan Colonial Bank
323 Croghan Street
Fremont, Ohio 43420
Fax 419-355-2210

Name:       World Energy Innovations LLC
Address:
Bank:
Address:
Routing #:
Account #:
Phone:
Fax:

Exhibit B – Consent Judgment

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

              Debtor.

Case No. 21-00524-jwb

Chapter 7

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

              Plaintiff,

     v.

LARRY ALLEN CLUCHEY and
SHERRY D. CLUCHEY,

              Defendants.

Adversary Proceeding No. 21-80053-jwb

_____/

## CONSENT JUDGMENT

Pursuant to the Stipulation and Settlement Agreement executed Larry Allen Cluchey ("Debtor"), Sherry D. Cluchey, World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC ("Plaintiff"), Connie Marie Hoffman, and Marcia M. Meoli, Trustee of the Chapter 7 Estate of Larry Allen Cluchey, the Court hereby enters judgment against Debtor and in favor of Plaintiff as follows:

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.

2.     Venue in the Western District of Michigan is proper under 28 U.S.C. § 1409(a).

3.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4874-6233-5504.1

4.      Judgment is hereby entered in favor of Plaintiff and against Debtor in the principal amount of $2,109,000.00, which is hereby declared nondischargeable pursuant to section 523(a) of the Bankruptcy Code.

SO STIPULATED:


Dated: March ___4___, 2022                    By: _____
                                                   Larry Cluchey


**END OF ORDER**

4874-6233-5504.1

Exhibit C – Reconveyance Deed

QUIT CLAIM DEED

Grantor, Connie M. Hoffmann, whose address is 7031 Mindew Drive, S.W., Byron Center, Michigan 49315, quit claims to

Grantees, Connie M. Hoffmann, whose address is 7031 Mindew Drive, S.W., Byron Center, Michigan 49315, and Larry Ciuchey, whose address is 7095 Mindew Drive, S.W., Byron Center, Michigan 49315, as joint tenants with full rights of survivorship,

the following described real property situated in the Township of Byron, County of Kent, State of Michigan, and legally described as:

> Unit No. 49, in Amber Farms, a Condominium according to the Master Deed recorded in Instrument No. 20091029-0097799, and any amendments thereto, inclusive, in the Office of the Kent County Register of Deeds, and designated as Kent County Condominium Subdivision Plan No. 933, together with rights in general common elements and in limited common elements as set forth in said Master Deed and as described in Act 59 of the Public Acts of 1978, as amended

Commonly Known As:        7031 Mindew Drive, S.W.
                          Byron Center, Michigan 49315

Tax Parcel No.            41-21-10-281-049

subject to easements and building and use restrictions of record and further subject to the lien of taxes not yet due and payable.

This transfer is exempt from taxation pursuant to MCLA 207.505(a) and MCLA 207.526(a), the consideration being less than One Hundred Dollars ($100.00).

This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

The Grantors grant to the Grantee the right to make all divisions Grantors may have under Section 108 of the Land Division Act, Act No. 288 of the Public Acts of 1967.

Date: _3 - 4_ , 2022                    _Connie M. Hoffman_ -
                                        Connie M. Hoffmann


STATE OF MICHIGAN        )
                         : ss
COUNTY OF KENT           )

    Acknowledged before me in Kent County, Michigan on _March 4_ , 2022 by
Connie M. Hoffmann.

                  _Carrie Stammis_
                  Carrie Stammis, Notary Public
                  State of Michigan, County of Kent
                  Acting in County of Kent
                  My Commission Expires: 11/02/2027


**DRAFTER HAS NOT EXAMINED AND MAKES NO REPRESENTATIONS RESPECTING TITLE**

Drafted by and after recording return to:          Send Subsequent Tax Bills To:

Victoria L. Smalley (P80179)                       Connie M. Hoffmann
Bolhouse, Hofstee & McLean, P.C.                   7031 Mindew Drive, S.W.
Grandville State Bank Building                     Byron Center, Michigan 49315
3996 Chicago Drive, S.W.
Grandville, Michigan 49418
(616) 531-7711

Exhibit D – Trustee Judgment

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF KENT

MARCIA R.MEOLI, Chapter 7 Bankruptcy
Trustee for Larry Allen Cluchey,

        Plaintiff,             Case No. 22-

vs.                                HON.

CONNIE M. HOFFMANN,

        Defendant.

| | |
|---|---|
| John T. Piggins (P34495)<br>pigginsj@millerjohnson.com<br>Jacob L. Carlson (P84859)<br>carlsonj@millerjohnson.com<br>Miller Johnson<br>Attorneys for Plaintiff<br>PO Box 306<br>Grand Rapids, Michigan 49501-0306<br>(616) 831-1700 | Victoria L. Smalley (P80179)<br>victorias@bolhouselaw.com<br>Bolhouse Hofstee & McLean PC<br>Attorneys for Defendant<br>Grandville State Bank Building<br>3996 Chicago Drive., SW<br>Grandville, MI 49418-1384<br>(616) 531-7711 |

## CONSENT JUDGMENT

At a session of said court, on this _____ day of
_____, 2022, City of Grand Rapids, County of
Kent, Michigan.

Present: Hon. _____ -
             Circuit Court Judge

       Pursuant to the stipulation of the parties as set forth below, and the Court being

otherwise fully advised in the premises, the final Judgment in this matter is entered as follows:

       IT IS ORDERED that Judgment is entered in favor of Plaintiff, Marcia R. Meoli,

Chapter 7 Bankruptcy Trustee for Larry Allen Cluchey, and against Defendant, Connie M.

Hoffmann, in the total amount of $109,675, which amount includes the $175.00 filing fee for this

case.

MJ_DMS 34387869v1

IT IS FURTHER ORDERED that the amount of this Judgment shall be reduced by any amounts previously paid under the terms of the Stipulation and Settlement Agreement which is attached to the Complaint in this Case.

This order resolves the last pending claim and closes this case.

_____
Hon.
Kent County Circuit Judge


## STIPULATION

I stipulate to the foregoing Consent Judgment and that the Consent Judgment be entered by the Court.

Miller Johnson
Attorneys for Plaintiff

By_____
John T. Piggins (P34495)
PO Box 306
Grand Rapids, Michigan  49501-0306
(616) 831-1700

Dated: _____

Bolhouse Hofstee & McLean PC
Attorneys for Defendant

By_____
Victoria L. Smalley (P80179)
3996 Chicago Drive., SW
Grandville, MI 49418-1384
(616) 531-7711

Dated: _03-04-2022_____

2

## Exhibit B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

LARRY ALLEN CLUCHEY,

              Debtor.

Case No. 21-00524-jwb
Chapter 7
Honorable James W. Boyd

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

              Plaintiff

    v.

Adversary Proceeding No. 21-80053

LARRY ALLEN CLUCHEY,
SHERRY D. CLUCHEY,

              Defendants.

_____/

**ORDER APPROVING DEBTOR'S MOTION TO APPROVE (I)
SETTLEMENT OF (A) CERTAIN CAUSES OF ACTION AND CLAIMS
BY WORLD ENERGY INNOVATIONS, LLC f/d/b/a WORTHINGTON
ENERGY INNOVATIONS, LLC, AGAINST DEBTOR AND DEBTOR'S
WIFE AND (B) TRUSTEE'S AND WORLD ENERGY INNOVATION,
LLC, f/d/b/a WORTHINGTON ENERGY INNOVATION, LLC'S
TRICKETT CLAIM AGAINST DEBTOR AND DEBTOR'S WIFE,
SHERRY D. CLUCHEY, AND (II) FOR OTHER RELIEF PURSUANT
TO BANKRUPTCY RULE 9019(a)**

Upon the motion (the "Motion") of Debtor, Larry Allen Cluchey, (the "Debtor") for

entry of an order approving (I) Settlement of (A) Certain Causes of Action and Claims by

World Energy Innovations, LLC f/d/b/a Worthington Energy Innovations, LLC, against

Debtor and Debtor's Wife and (B) Trustee's and World Energy Innovation, LLC, f/d/b/a

Worthington Energy Innovation, LLC's Trickett Claim against Debtor and Debtor's Wife,

Sherry D. Cluchey, and (II) for Other Relief Pursuant to Bankruptcy Rule 9019(a); the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); venue of this proceeding in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of this Motion was appropriate under the particular circumstances and that no other or further notice need be given; it appearing that the relief requested in the Motion is in the best interest of the Debtor's estate; after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted in its entirety.

2.    Pursuant to Bankruptcy Rule 9019(a), the proposed settlement set forth in the Settlement Agreement attached as **Exhibit A** to the Motion is hereby approved.

3.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

Robert F. Wardrop II (P31639)
Wardrop & Wardrop, P.C.
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI  49503
(616) 459-1225

2