UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

                Debtor.
_____/

Case No. 21-00524-jwb
Chapter 7
Honorable James W. Boyd

**JOINT MOTION TO APPROVE (I) SETTLEMENT OF (A) CERTAIN CAUSES OF ACTION AND CLAIMS BY WORLD ENERGY INNOVATIONS, LLC f/d/b/a WORTHINGTON ENERGY INNOVATIONS, LLC AGAINST DEBTOR AND DEBTOR'S WIFE AND (B) TRUSTEE'S AND WORLD ENERGY INNOVATION, LLC, f/d/b/a WORTHINGTON ENERGY INNOVATION, LLC'S TRICKETT CLAIM AGAINST DEBTOR AND DEBTOR'S WIFE, AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)**

      NOW COME Defendant Larry Allen Cluchey ("Mr. Cluchey"), Defendant Sherry D. Cluchey ("Mrs. Cluchey"), Trustee Marcia Meoli ("Trustee"), and Plaintiff World Energy Innovations, LLC ("WEI") (collectively the "Parties"), who hereby submit this Motion to Approve (I) Settlement of (A) Certain Causes of Action and Claims by World Energy Innovations, LLC f/d/b/a Worthington Energy Innovations, LLC against Debtor and Debtor's Wife and (B) Trustee's and World Energy Innovation, LLC, f/d/b/a Worthington Energy Innovation, LLC's Trickett Claim against Debtor and Debtor's Wife, and (II) for Other Relief Pursuant to Bankruptcy Rule 9019(a) (the "Motion"). Pursuant to Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure and respectfully states as follows:

### Introduction

      1.      By the Motion, the Parties seek an entry of an order in the form attached hereto as **Exhibit B** approving a settlement entered into by and among World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC (both as Plaintiff in the pending Adversary

Proceeding and as a claimed creditor in the bankruptcy case), Debtor Larry Cluchey, the Debtor's wife Sherry Cluchey, the Debtor's sister Connie Marie Hoffmann, and the Trustee as set forth in the Settlement Agreement attached hereto as **Exhibit A** (the "Settlement Agreement"). For the reasons set forth below, the Parties believe that the settlement set forth in the Settlement Agreement is in the best interest of all of the parties thereto and thus should be approved by the Court.

## Jurisdiction

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

**A.    The Debtor's Bankruptcy Case**

4. On March 2, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 (the "Bankruptcy Case").

5. On March 2, 2021, the Office of the United States Trustee of the Western District of Michigan appointed Marcia Meoli as Chapter 7 Trustee in this Bankruptcy Case.

**B.    The Trickett Claim and Claim Objection**

6. WEI filed two claims in the Bankruptcy Case (Claim Nos. 1 and 4) (the "WEI Claims") in the amount in excess of $1,900,000.00. One of the WEI Claims is what is commonly referred to as a Trickett claim, which asserts that WEI has a joint claim against the Debtor and Debtor's wife, Sherry Cluchey (the "Trickett Claim").

7. Only two other claims have been filed, totaling less than $350.00.

8. On July 9, 2021, Sherry Cluchey, through counsel, filed an objection to the WEI Claim No. 1.

**C.     The Adversary Proceeding**

9. On May 14, 2021, WEI filed an Adversary Proceeding seeking several counts of relief against Debtor and Debtor's wife, Sherry D. Cluchey. The complaint seeks to both liquidate claims against the Clucheys, a determination that Mr. Cluchey's liability is not dischargeable, and a determination that Mr. Cluchey is not entitled to a discharge.

10. Debtor and Debtor's wife, Sherry Cluchey, both filed answers to the complaint denying liability in the Adversary Proceeding.

11. Prior to the Court conducting formal pretrial conferences in the adversary proceeding, the parties conducted a voluntary Mediation. The Mediation, and subsequent negotiations, resulted in a settlement between all the parties, all the parties to the Adversary Proceeding and the Trustee with respect to the Trickett Claim, and settlement of all claims by the Trustee with respect to a condominium titled jointly between the Debtor and his sister, Connie Hoffman (the "Initial Settlement"). Unfortunately, the Debtor was unable to obtain the funding needed to consummate the Initial Settlement. The parties have since been engaged in further negotiations, and Mr. Cluchey has now obtained a more certain source of financing. As a result, the parties have now agreed to the terms of a new settlement, which are set forth in the attached Settlement Agreement.

12. It is the belief of the Parties that the settlement set forth in the Settlement Agreement resolves all issues pending in the Adversary Proceeding. The Trustee's claim with respect to the Trickett Claim and the Trustee's claim against the condominium jointly owned by

the Debtor and Connie Hoffman will also be resolved pursuant to the terms of the Settlement Agreement.

## Relief Requested

13. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a).

14. Settlements are generally favored by law, *See, e.g., In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* 451 B.R. 747, 768 (Bankr. W.D. Mich. 2011) (quoting *Buckeye Check Cashing, Inc. d/b/a CheckSmart v. Meadows (In re Meadows),* 396 B.R. 485, 499 (BAP 6th Cir. 2008)).

15. "The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate." *In re Lee Way Holding Co.,* 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990) (citing *In re Energy Co-op.*, 886 F.2d 921, 927 (7th Cir. 1989)).

16. The United States Supreme Court has stated that a bankruptcy judge, in evaluating compromises under Bankruptcy Rule 9019(a), must:

> Apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 423 (1968); *see also In re Stinson*, 221 B.R. 726 (Bankr. E.D. Mich. 1998).

17. In reviewing a proposed settlement, courts consider the following criteria:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

      c.      The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

      d.      The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Lee Way Holding Co.,* 120 B.R. at 890 (citing *Drexel v. Loomis,* 35 F.2d 800 (8th Cir. 1929)).

18.    A bankruptcy court's role in approving a settlement under Bankruptcy Rule 9019(a) is limited. The bankruptcy court "does not substitute its own judgment for that of the trustee" but, rather, examines the law and the facts to see whether the settlement is lower than the reasonable range, giving weight to the informed judgment of the trustee and its counsel that a compromise is fair and in the best interests of the estate. *See e.g., In re Tennol Energy Co.,* 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

19.    In addition, a bankruptcy court should consider that compromises are favored in bankruptcy:

> The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determine the reasonableness of the compromise, the court's decision must be affirmed.

*Martin v. Kane (In re A & C Properties),* 784 F.2d, 1377, 1381 (9th Cir. 1986); *accord Magill v. Springfield Marine Bank (In re Hessinger Resources Ltd.),* 67 B.R. 378, 383 (C.D. Ill. 1986) ("In addition [to the four enumerated factors], the bankruptcy court is to consider that the law favors compromise.").

20.    A bankruptcy court may also apply weight to a trustee's business judgment that the proposed settlement should be approved. *See Depoister*, 36 F.3d at 587; *In re Hessinger Resources Ltd.,* 67 B.R. at 383.

21. Finally, a bankruptcy court is not required to conduct an evidentiary hearing or a "mini-trial" on the parties' claims and defenses when approving a settlement. *See Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994) (evidentiary hearing not required). Instead, the court is required only "to canvas the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness." *In re Rimsat, Ltd.,* 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997); *accord In re Energy Co-op., Inc.,* 886 F.2d at 929; *In re Tennol Energy Co.* 127 B.R. at 828.

22. WEI's claims asserted in the adversary proceeding and in WEI's proofs of claim, will be resolved by:

    a. The Adversary Proceeding will be resolved by payment of the sum of explicitly set forth in the Settlement Agreement to be paid to the Trustee, and a consent judgment will enter against the Debtor.

    b. WEI's claims filed in the Bankruptcy Case will be deemed allowed as claims against the Debtor. No further relief will be sought against Sherry Cluchey.

    c. The Trustee will be paid the sum set forth in the Settlement Agreement in full satisfaction of the Trustee's Trickett Claim and the Trustee will waive any and all other claims against the Debtor and Debtor's wife and against the condominium currently titled to the Debtor jointly with his sister, Connie Hoffman.

23. Provided that the payments set forth in the Settlement Agreement are timely made, Plaintiff will move to dismiss the Adversary Proceeding, with a judgment entered against the Debtor as provided in the Settlement Agreement. The dismissal of any 727 cause of action will be properly noticed to all creditors, and the Settlement Agreement is not conditioned upon dismissal of the 727 cause of action in the event another party in interest seeks to pursue same.

24. WEI will retain its claims in the bankruptcy and will share in the proceeds of the other amounts paid to the Trustee as a creditor in the Estate.

25. Upon approval of the Settlement Agreement, and payment by Debtor, the Adversary Proceeding will be closed, with the consent judgment set forth in the Settlement Agreement entered against the Debtor, and the Trustee will be in a position to close the case and file a Final Report.

26. For the foregoing reasons, the Debtor requests that this Court enter an order in the form attached hereto as **Exhibit B** granting the Motion and approving the settlement as set forth in the Settlement Agreement.

## Notice

27. All the parties having requested notice in the Bankruptcy Case under Bankruptcy Rule 2002 shall receive notice of the Motion via ECF. In addition, Plaintiff shall serve all creditors having filed a Proof of Claim via overnight courier pursuant to Bankruptcy Rule 2002(a). Plaintiff will also serve the Motion and the notice on the Office of the United States Trustee via electronic mail. The Parties submit that no additional notice is necessary in this matter.

WHEREFORE, the Parties respectfully request that this Court enter an order in the form attached hereto as **Exhibit B:** (i) granting the Motion thereby approving the settlement set forth in the Settlement Agreement, and (ii) granting any other relief that it deems just and equitable.

Dated:  November 14, 2022

/s/ Robert F. Wardrop, II
Robert F. Wardrop, II
**WARDROP & WARDROP, P.C.**
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
(616) 459-1225
robb@wardroplaw.com
*Counsel for Defendant Larry A. Cluchey*

/s/ John C. Cannizzaro
John C. Cannizzaro
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, OH 43215
(614) 462-1070
john.cannizzaro@icemiller.com
*Counsel for Plaintiff World Energy Innovations, LLC*

/s/ Steven M. Bylenga
Steven M. Bylenga
**CBH ATTORNEYS & COUNSELORS**
25 Division Ave S, Suite 500
Grand Rapids, MI 49503
(616) 608-3061
steve@cbhattorneys.com
*Counsel for Defendant Sherry D. Cluchey*

/s/ Jacob L. Carlton
Jacob L. Carlton
**MILLER JOHNSON**
45 Ottawa Ave SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
carltonj@millerjohnsoncom
*Counsel for Marcia R. Meoli, Trustee*