# **<u>Exhibit A</u>**

Settlement Agreement

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

Debtor.

Case No. 21-00524-jwb

Chapter 7

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

Plaintiff,

v.

LARRY ALLEN CLUCHEY and
SHERRY D. CLUCHEY,

Defendants.

Adversary Proceeding No. 21-80053-jwb

_____/

## STIPULATION AND SETTLEMENT AGREEMENT

**NOW COME** Larry Allen Cluchey ("Debtor"), Sherry D. Cluchey ("Mrs. Cluchey"),[1] World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC ("Plaintiff"), Connie Marie Hoffman ("Ms. Hoffmann"), and Marcia M. Meoli, Trustee of the Chapter 7 Estate of Larry Allen Cluchey ("Trustee" and with Debtor, Mrs. Cluchey, Ms. Hoffmann, and Plaintiff, the "Parties"), and for their Stipulation and Settlement Agreement ("Stipulation"), say and agree as follows.

## RECITALS

A.  This Stipulation pertains to the above-captioned Chapter 7 proceeding (the "Base Case"), which was filed on March 2, 2021. It also pertains to that certain adversary proceeding brought by Plaintiff against the Clucheys, styled *World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC v. Larry Allen Cluchey and Sherry D. Cluchey*, Adversary Proceeding No. 21-80053 ("Adversary Proceeding").

B.  In the Adversary Proceeding, Plaintiff asserts that (i) Debtor is liable to Plaintiff in the amount of at least $1,938,150.27; (ii) the Clucheys received transfers that are avoidable under both state and federal law; (iii) Debtor's liability to Plaintiff is nondischargeable under various sections of 11 U.S.C. § 523(a); and (iv) grounds exist to deny Debtor's discharge under

---

[1] Debtor and Mrs. Cluchey are collectively referred to as the Clucheys.

11 U.S.C. § 727. The Clucheys deny Plaintiff's allegations and have filed answers in the Adversary Proceeding.

C. In the Base Case, Plaintiff has filed a joint claim against both Debtor and Mrs. Cluchey in the amount of at least $73,617.43 (Claim No. 1, the "Joint Claim") and a claim against Debtor for the liability asserted in the Adversary Proceeding (Claim No. 4, the "Proof of Claim"). The Clucheys have objected to the Joint Claim (Docket Nos. 35 and 37, the "Claim Objections"). On September 20, 2021, the Court entered an order consolidating the claim objections with the Adversary Proceeding for purposes of trial (Docket No. 29).

D. To fund the Settlement Payment (as defined in Paragraph 1), Debtor intends to obtain a loan secured by 7095 Mindew Drive SW (Unit 21), Byron Center, Michigan 49315, a property which is jointly titled to Debtor and in which the Trustee asserts an interest.

E. The parties wish to resolve their various pending matters, including the Adversary Proceeding, the Joint Claim, the Claim Objections, and all other matters between them.

Accordingly, the Parties hereby agree as follows:

1. <u>Settlement Payment</u>. The Clucheys hereby agree to pay the Trustee $73,617.43 (the "Settlement Payment"). The Settlement Payment must be received by the Trustee no later than 30 days from the entry of an order by the Court approving this Stipulation.

2. <u>Bankruptcy Court Approval Required</u>. Immediately upon the execution of this Stipulation by all Parties, Debtor shall file a motion to approve the settlement contained herein pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. If such motion is filed and not granted, this Stipulation shall be void.

3. <u>Settlement Effective Date and Stay of Proceedings</u>. This Stipulation shall become effective on the first date when it has been duly executed by all Parties (the "Settlement Effective Date"). The parties agree to seek a stay of all matters currently pending in the Adversary Proceeding, including the Joint Claim, Proof of Claim, and Claim Objections, pending the deadline to make the Settlement Payment set forth in Section 1.

4. <u>Trustee's Withdrawal of Notice of Interest</u>. It is acknowledged by the Parties that the Trustee has identified 7031 Mindew Drive SW, Byron Center, MI 49315 (the "7031 Mindew Property") as the subject of a potentially avoidable transfer by the Debtor. Within 14 days of the Trustee's receipt of the Settlement Payment, the Trustee shall release her notice of interest on the 7031 Mindew Property.

5. <u>Judgment</u>. Debtor agrees to the entry of a nondischargeable judgment pursuant to 11 U.S.C. § 523(a)(2) in favor of Plaintiff and against Debtor in the amount of $2,109,000.00 (the "Judgment"). Defendant represents that he does not currently have any assets beyond those identified in his bankruptcy schedules that could materially satisfy the Judgment and that he does not anticipate receiving any significant gifts, inheritances, inheritances, or other transfers of assets beyond social security and earned income in the foreseeable future.

6. **Allowance of Claims.** The Clucheys and the Trustee stipulate to the allowance of and agree not to object to Plaintiff's Proof of Claim or Joint Claim.

7. **Entry of Judgment and Dismissal.** On the occurrence of the Settlement Effective Date or as soon as is practicable thereafter, Plaintiff shall submit to the Court a consent judgment in the form attached as Exhibit B hereto and shall file a motion to dismiss the remaining causes of action in Adversary Proceeding. Debtor understands that dismissal of any cause of action under 11 U.S.C. § 727 is contingent upon notice to all creditors and a hearing. The Parties agree that their entry into this Stipulation is not contingent upon dismissal of any claims under 11 U.S.C. § 727, and this Stipulation shall remain in effect even if a party other than Plaintiff seeks leave to prosecute such claims.

8. **Stay of Execution of Judgment.** Plaintiff will not enforce the Judgment against any of the following:

   a. The Clucheys' principal residence located at 7095 Mindew Drive SW (Unit 21), Byron Center, Michigan 49315 (the "Principal Residence");

   b. Provided the Base Case is not dismissed, any asset declared as exempt in the Base Case as of the date of execution of this Stipulation;

   c. Any social security or earned income received by Debtor; and

   d. Any gifts, inheritances, or bequests received by Debtor in a calendar year, provided that, in the aggregate, they do not exceed $2,500 in a calendar year.

9. **Trustee's Security Interest and Remedies on Default.** To secure their obligation to make the Settlement Payment, the Clucheys hereby grant the Trustee a mortgage and security interest in the Principal Residence. To evidence same, the Trustee shall be authorized to record a mortgage and/or a copy of this Stipulation in the real property records, along with a legal description of the Principal Residence (which is attached hereto as Exhibit A). Within 14 days of her receipt of the Settlement Payment, the Trustee shall release any lien recorded pursuant to this paragraph and any notice of interest on the Principal Residence.

10. **Resolution of Scheduled Assets.** The Trustee agrees that the Settlement Payment in Section 1 shall resolve and satisfy the Trustee's claims to all assets presently identified in the Debtor's Schedule of Assets.

11. **Release.** The Parties acknowledge this Stipulation is intended to fully resolve the Clucheys' liability, if any, for any and all claims that have been or may be asserted by the Plaintiff or the Trustee in the Adversary Proceeding or the Base Case, except for any claims under 11 U.S.C. § 727, which shall only be dismissed after notice and hearing. On the Settlement Effective Date, Plaintiff, the Trustee, and the Clucheys do forever release, acquit, and discharge each other and all of their officers, directors, employees, representatives, agents and professionals, and all of their respective successors and assigns, from any and all liability arising from the claims that they have asserted or may assert against one another, including but not limited to any claims under 11 U.S.C. §§ 522, 523, 541, 544, 547, 548, 550, but not any claims

arising under 11 U.S.C. § 727, with the exception of (a) Debtor's liability under the Judgment, subject to the limitations on execution of said Judgment as set forth herein, and (b) Debtor's obligations under this Stipulation and claims for breach thereof.

12.  **Entire Agreement**. This Stipulation constitutes the complete understanding between the Parties, and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by all Parties.

13.  **Voluntary Act**. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Stipulation. The Parties acknowledge that they have read this Stipulation in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Stipulation and it is signing this Stipulation of its own free will.

14.  **Execution in Counterparts.** It is understood and agreed that this Stipulation may be executed in identical counterparts, including electronically, and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed as of dates set forth below.

                                                **DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated: November ____, 2022                    By: _____
                                                Larry Cluchey

                                                **DEFENDANT SHERRY D. CLUCHEY**

Dated: November ____, 2022                      By: _____
                                                Sherry D. Cluchey

                                                **PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: November ____, 2022                    By: _____
                                                Russ Kiser, General Manager

                                                **CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: November _8_, 2022                        By: _____
                                                Marcia M. Meoli, Trustee

                                                **CONNIE MARIE HOFFMANN**

Dated: November ____, 2022                    By: _____
                                              Connie Marie Hoffmann

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed as of dates set forth below.

                                              **DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated: November ____, 2022          By: _____
                                          Larry Cluchey

                                              **DEFENDANT SHERRY D. CLUCHEY**

Dated: November ____, 2022          By: _____
                                          Sherry D. Cluchey

                                              **PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: November ____, 2022          By: _____
                                          Russ Kiser, General Manager

                                              **CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: November ____, 2022          By: _____
                                          Marcia M. Meoli, Trustee

                                              **CONNIE MARIE HOFFMANN**

Dated: November 11/9, 2022          By: *Connie Marie Hoffman*
                                          Connie Marie Hoffmann

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed as of dates set forth below.

**DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated: November ____, 2022

By: _____
Larry Cluchey

**DEFENDANT SHERRY D. CLUCHEY**

Dated: November ____, 2022

By: _____
Sherry D. Cluchey

**PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: November _9_, 2022

By: _/s/ Russ Kiser_
Russ Kiser, General Manager

**CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: November ____, 2022

By: _____
Marcia M. Meoli, Trustee

**CONNIE MARIE HOFFMANN**

Dated: November ____, 2022

By: _____
Connie Marie Hoffmann

IN WITNESS WHEREOF, the Parties have caused this Stipulation to be executed as of dates set forth below.

                                              **DEBTOR/DEFENDANT LARRY ALLEN CLUCHEY**

Dated: November 9, 2022            By: *[signature]*
                                              Larry Cluchey

                                              **DEFENDANT SHERRY D. CLUCHEY**

Dated: November 9, 2022            By: *[signature]*
                                              Sherry D. Cluchey

                                              **PLAINTIFF WORLD ENERGY INNOVATIONS, LLC**

Dated: November ____, 2022         By: _____
                                              Russ Kiser, General Manager

                                              **CHAPTER 7 TRUSTEE OF THE ESTATE OF LARRY ALLEN CLUCHEY**

Dated: November ____, 2022         By: _____
                                              Marcia M. Meoli, Trustee

                                              **CONNIE MARIE HOFFMANN**

Dated: November ____, 2022         By: _____
                                              Connie Marie Hoffmann

Exhibit A

Legal Description

UNIT 21 * AMBER FARMS KENT COUNTY CONDOMINIUM SUBDIVISION PLAN NO.933 INSTRUMENT NO.20091029-0097799 AS AMENDED BY REPLAT NO.1 INSTRUMENT NO.20120612-0055177 & AS AMENDED BY REPLAT NO.2 INSTRUMENT 20121106-0102693 & AS AMENDED BY REPLAT NO.3 INSTRUMENT 20130417-0042807 Split/Combined on 05/28/2013 from 41-21-10-276-019;

Exhibit B

Form of Consent Judgment
(Signed Consent Judgment Held By Plaintiff's Counsel In Escrow)

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY ALLEN CLUCHEY,

                Debtor.

_____/

WORLD ENERGY INNOVATIONS,
LLC, f/d/b/a WORTHINGTON ENERGY
INNOVATIONS, LLC,

                Plaintiff,

v.

LARRY ALLEN CLUCHEY and
SHERRY D. CLUCHEY,

                Defendants.

_____/

Case No. 21-00524-jwb

Chapter 7

Adversary Proceeding No. 21-80053-jwb

## **CONSENT JUDGMENT**

Pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") executed Larry Allen Cluchey ("Debtor"), Sherry D. Cluchey, World Energy Innovations, LLC, f/d/b/a Worthington Energy Innovations, LLC ("Plaintiff"), Connie Marie Hoffman, and Marcia M. Meoli, Trustee of the Chapter 7 Estate of Larry Allen Cluchey, the Court hereby enters judgment against Debtor and in favor of Plaintiff as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.

2. Venue in the Western District of Michigan is proper under 28 U.S.C. § 1409(a).

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1).

4. Judgment is hereby entered in favor of Plaintiff and against Debtor in the principal amount of $2,109,000.00, which is hereby declared nondischargeable pursuant to section 523(a) of the Bankruptcy Code. This judgment and any effort to enforce same is subject to the collection provisions of the Settlement Agreement.

SO STIPULATED:

Dated: November ____, 2022         By: _____
                                       Larry Cluchey

**END OF ORDER**

4874-6233-5504.3